1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MAVERICK COMPONENTS,<br><br>　　　　　　　　　　Defendant. | Case No.  19cr1500-JAH<br><br>**ORDER OF CRIMINAL FORFEITURE** |

　　　WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in proceeds Defendant MAVERICK COMPONENTS ("Defendant") obtained from its criminal activities, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 246l(c), as charged in the Information; and

　　　WHEREAS, on or about April 26, 2019, Defendant pled guilty before U.S. Magistrate Judge Mitchell D. Dembin to the one-Count Information, which plea included consent to the forfeiture allegations of the Information, and an agreement to forfeit to the United States the amount of $41,402 as proceeds Defendant received from the offense, which forfeiture shall be included and incorporated as part of the judgment in this case; and

　　　WHEREAS, on May 11, 2020, this Court accepted the guilty plea of Defendant; and

1

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $41,402.00 (U.S. dollars) represents the proceeds that the Defendant obtained directly as a result of the offense to which Defendant pled guilty, wire fraud, in violation of 18 U.S.C. § 1343, as charged in the Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the proceeds received by the Defendant in the amount of $41,402, pursuant to 18 U.S.C. § 981(a)(l)(C), 28 U.S.C. § 246l(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the $41,402 forfeiture and the offense; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through its attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant MAVERICK COMPONENTS shall forfeit to the United States the sum of $41,402 pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 246l(c) in the form of a forfeiture amount for the proceeds Defendant received from its offense of conviction, which forfeiture is in favor of the United States against Defendant MAVERICK COMPONENTS, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

2. Defendant's forfeiture shall be credited with any collection of or payments made by co-defendant Robert Monroe on his $41,402 forfeiture order; and

3. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

4. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

5. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

6. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $41,402 to satisfy the forfeiture in whole or in part; and

7. The United States may take any and all actions available to it to collect and enforce the forfeiture.

**IT IS SO ORDERED.**

DATED: May 12, 2020

_____
Hon. John A. Houston
United States District Judge