AO 245E    (Rev. 9/00) Judgment in a Criminal Case for Organizational Defendants
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Organizational Defendants) |
| Maverick Components | CASE NUMBER: 19-cr-01500-JAH |
| | Frank T Vecchione |
| | Defendant Organization's Attorney |

[X] Correction of Sentence for Clerial Mistake (Fed. R. Crim. P. 36)

THE DEFENDANT ORGANIZATION:

[X] pleaded guilty to count(s)  1 of the Information

[ ] was found guilty on count(s)
    after a plea of not guilty.
    Accordingly, the defendant organization is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18:1343; 18:981(a)(1)(C) | Wire Fraud | 1 |

The defendant organization is sentenced as provided in pages 2 through  2  of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant organization has been found not guilty on count(s)

[ ] Count(s)  [●] is [ ] are dismissed on the motion of the United States.

[X] Assessment : $ 400.00 imposed

[X] No Fine    [x] Forfeiture pursuant to order filed    05/12/2020

    IT IS ORDERED that the defendant organization shall notify the United States Attorney for this district within 30 days of any change of name, principal business address, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant organization shall notify the court and United States Attorney of any material change in the organization's economic circumstances.

May 15, 2020
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

19-cr-01500-JAH

AO 245E      (Rev. 9/00) Judgment in a Criminal Case for Organizational Defendants
             Sheet 2 — Probation

Judgment—Page 2 of 2

DEFENDANT ORGANIZATION: Maverick Components
CASE NUMBER: 19-cr-01500-JAH

## PROBATION

The defendant organization is hereby sentenced to probation for a term of:

3 years

## MANDATORY CONDITION

[x] The defendant organization shall not commit another federal, state or local crime.

[ ] If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant organization pay any such fine or restitution.

[x] The defendant organization shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant organization shall also comply with the additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) within thirty days from the date of this judgment, the defendant organization shall designate an official of the organization to act as the organizations's representative and to be the primary contact with the probation officer;

2) the defendant organization shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

3) the defendant organization shall notify the probation officer ten days prior to any change in principal business or mailing address;

4) the defendant organization shall permit a probation officer to visit the organization at any of its operating business sites;

5) the defendant organization shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against the organization;

6) the defendant organization shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this court are either fully satisfied or are equally enforceable against the defendant's successors or assignees;

7) the defendant organization shall not waste, nor without permission of the probation officer, sell, assign, or transfer its assets.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MAVERICK COMPONENTS,<br><br>　　　　　　　　　　Defendant. | Case No.  19cr1500-JAH<br><br>**ORDER OF CRIMINAL FORFEITURE** |

　　　WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in proceeds Defendant MAVERICK COMPONENTS ("Defendant") obtained from its criminal activities, pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 246l(c), as charged in the Information; and

　　　WHEREAS, on or about April 26, 2019, Defendant pled guilty before U.S. Magistrate Judge Mitchell D. Dembin to the one-Count Information, which plea included consent to the forfeiture allegations of the Information, and an agreement to forfeit to the United States the amount of $41,402 as proceeds Defendant received from the offense, which forfeiture shall be included and incorporated as part of the judgment in this case; and

　　　WHEREAS, on May 11, 2020, this Court accepted the guilty plea of Defendant; and

1

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and guilty plea, the Court determined that $41,402.00 (U.S. dollars) represents the proceeds that the Defendant obtained directly as a result of the offense to which Defendant pled guilty, wire fraud, in violation of 18 U.S.C. § 1343, as charged in the Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against the Defendant for the proceeds received by the Defendant in the amount of $41,402, pursuant to 18 U.S.C. § 981(a)(l)(C), 28 U.S.C. § 246l(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the $41,402 forfeiture and the offense; and

WHEREAS, the Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States may take actions to collect the forfeiture; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through its attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Defendant MAVERICK COMPONENTS shall forfeit to the United States the sum of $41,402 pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 246l(c) in the form of a forfeiture amount for the proceeds Defendant received from its offense of conviction, which forfeiture is in favor of the United States against Defendant MAVERICK COMPONENTS, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

2. Defendant's forfeiture shall be credited with any collection of or payments made by co-defendant Robert Monroe on his $41,402 forfeiture order; and

3. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture; and

4. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

5. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

6. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $41,402 to satisfy the forfeiture in whole or in part; and

7. The United States may take any and all actions available to it to collect and enforce the forfeiture.

**IT IS SO ORDERED.**

DATED: May 12, 2020

_____
Hon. John A. Houston
United States District Judge